## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **KATHY PARKS, Individually and as Representative of the Estate of Willie William Gregg, ROBERT GREGG, SUSAN STAHURA, CARRIE BEGGS, and JAMES FUSON,** <br> *Plaintiffs* <br><br> **v.** <br><br> **LOWE'S HOME CENTERS, LLC,** <br> *Defendant* | § § § § § § § § § § | **Case No. 1:20-cv-00824-RP** |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
      **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Lowe's Home Centers, LLC's Rule 56 Motion for Summary Judgment, filed August 27, 2021 (Dkt. 15); Plaintiff's Response to Defendant's Rule 56 Motion for Summary Judgment, filed September 10, 2021 (Dkt. 16);[1] and Lowe's Home Centers, LLC's Reply, filed October 7, 2021 (Dkt. 18). On November 5, 2021, the District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I.    Background

On April 24, 2019, William Gregg fell while visiting Defendant Lowe's Home Centers, LLC's ("Lowe's") store in Bastrop, Texas, on a rainy day. Dkt. 1-2 ¶ 6; Dkt. 15-1, Parks Tr. at 39:21-

---

[1] Plaintiffs' Brief is single-spaced and thus violates Local Rule CV-10(a). Nonconforming briefs may not be considered by the Court.

40:1. Plaintiffs allege that Gregg "tripped over a cable that was negligently left in the area of more [sic] of the lawn mower display." Dkt. 1-2 ¶ 6.

Kathy Parks, Gregg's daughter, accompanied Gregg to Lowe's and stayed in his car while he walked toward the store. Dkt. 15-1 at 42:13-16. Parks was facing away from the store entrance and did not see Gregg fall. *Id.* at 43:4-17. After a Lowe's employee came to the car and told her that Gregg had fallen, Parks went to Gregg, who was sitting against a cement pillar in front of the store. *Id.* at 44:6-18. Parks asked Gregg what happened, and he responded that he "really couldn't remember," but "it seemed like he said he might have fell." *Id.* at 45:8-12; *see also id.* at 48:14-19 ("He just – he told me he didn't know what happened."). Parks further testified:

> Q. So in the prior instances [when Gregg fell], he would tell you real fast how and why he fell down?
>
> A. Yes.
>
> Q. Okay. But this time was different, he didn't really know what happened?
>
> A. Well, I, I asked him, you know, did you get dizzy? Did you fall? You know, did you trip over this? What, what happened? And at first, he said he didn't know. And then it seemed like later on after the incident, after the hospitalization, all that, he says he must have -- he must have tripped over that.
>
> Q. Okay.
>
> A. And I don't know if that's something, you know, he had heard those people talking about or, you know, us talking. I don't know.

Dkt. 15-1 at 49:2-16.

After the fall, Gregg was taken by ambulance to St. David's Emergency Center in Bastrop; he was discharged the same afternoon. *Id.* at 55:1-3, 58:13-21. The next morning, Parks called for an ambulance because she needed help getting Gregg up from the floor. *Id.* at 62:3-63:18. Parks testified that emergency medical personnel told her Gregg's oxygen level was low and that he

needed to go to the hospital. *Id.* at 62:18-25. Gregg was taken by ambulance to St. Mark's Medical Center in La Grange, Texas. *Id.* at 64:11-13. Gregg remained at St. Mark's until he died on April 29, 2019. *Id.* at 80:4-8. Nurses at St. Mark's told Parks that Gregg had a heart attack. *Id.* at 80:9-22.

Parks, individually and as representative of Gregg's estate, and Gregg's other children, Robert Gregg, Susan Stahura, Carrie Beggs, and James Fuson (collectively, "Plaintiffs"), filed suit against Lowe's in state court. Dkt. 1-2 ¶ 6; *Parks v. Lowe's Home Centers, LLC*, No. 1556-335 (335th Dist. Ct., Bastrop Cnty., Tex. July 1, 2020). Plaintiffs assert a negligence claim, arguing that Lowe's breached its duty to inspect its property and the breach proximately caused Gregg's injury and subsequent death. Dkt. 1-2 ¶ 7. Plaintiffs also assert a premises liability claim, alleging that Lowe's failed to eliminate a dangerous condition and warn customers of its existence. *Id.*

Lowe's removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1. Lowe's now moves for summary judgment under Federal Rule of Civil Procedure 56, arguing that it is entitled to judgment on all of Plaintiffs' claims.

Discovery in this case closed on August 9, 2021, and trial is set for January 10, 2022. Lowe's deposed Parks on August 3, 2021. Plaintiffs did not request the deposition of any Lowe's employee who was at the store when Gregg fell. Dkt. 15 at 4.

## II.   Summary Judgment Record

Defendant submitted as its summary judgment evidence excerpts from the transcript of the Deposition of Kathy Parks. Dkt. 15-1. Plaintiffs submitted the following evidence:

1. Defendant Lowe's Home Centers, LLC's Objections and Answers to Plaintiffs' First Set of Interrogatories. Dkt. 16-1 at 6-10;

2. Email correspondence dated April 29, 2019. *Id.* at 11-12; and

3. Affidavit of Kathy Parks. *Id.* at 13-14.

3

### III.     Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient

4

to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## IV.    Analysis

Lowe's argues that the Court should grant summary judgment because (1) Plaintiffs have no evidence of affirmative, contemporaneous conduct by Lowe's to support their negligent activity claim, and (2) Plaintiffs have no evidence of proximate cause to support their premises liability claim. The Court considers each claim in turn.

### A.  Negligent Activity

Plaintiffs concede that Lowe's is entitled to judgment on their negligent activity claim. Dkt. 16 at 2 (stating that "[t]he Defendant's motion for summary judgment is appropriate as to the negligent activity allegation"). Accordingly, summary judgment should be granted to Lowe's on Plaintiffs' negligent activity claim.

### B.  Premises Liability

Under Texas law, a property owner has a duty to protect invitees from dangerous conditions that are known or reasonably discoverable. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). A plaintiff asserting a claim for premises liability must prove that: (1) the property owner or occupier had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the failure to use such care proximately caused the plaintiff's injury. *Id.* at 99. "Proximate cause has two elements: cause in fact and foreseeability." *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). To establish cause in fact, a plaintiff must show "the act or omission was a substantial factor in causing the injury without which the harm would not have occurred." *Id.*

5

Lowe's moves for summary judgment on the fourth element alone, asserting that there is no competent summary judgment evidence showing proximate cause. Lowe's argues that "Plaintiffs' allegation that Mr. Gregg's fall was caused by the cable in the lawnmower display is based on nothing more than speculation and conjecture." Dkt. 15 at 10. Lowe's contends that Texas courts consistently find summary judgment appropriate where a plaintiff alleges that a particular condition or defect caused a fall, "but can produce only conclusory and/or speculative evidence indicating how and why the fall actually occurred." Dkt. 15 at 8.

In response, Plaintiffs submit interrogatory responses from Lowe's, two emails from Lowe's employees, and an affidavit from Parks signed September 10, 2021. Plaintiffs contend that this evidence raises a genuine issue of material fact as to whether the cable caused Gregg to fall, precluding summary judgment. Parks avers that, when she went to her father after he fell, multiple employees "surrounded" him and stated that Gregg must have fallen.

> One of the Lowe's employees suggested that my father must have tripped over a cable that was strung through the lawnmowers in front of the store. Another Lowe's employee stated, "I was afraid something like this was going to happen." The day after the event happened, my niece when [sic] to the same Lowe's Home Center and noticed the cable had been removed.

Dkt. 16-1 at 13, Parks Affidavit ¶ 2. Plaintiffs argue that: "The affidavit testimony . . . establishes that the Lowe's employees at the scene after the fall, suggested that Mr. Gregg fell over the cable, and that they were concerned that an accident like Mr. Gregg's fall would happen with the cable." Dkt. 16 at 2.

In its Reply Brief, Lowe's asks the Court to strike the portions of the Parks Affidavit shown above. First, Lowe's argues that the alleged statements by Lowe's employees and Parks' niece constitute hearsay not subject to any exception, in contravention of Federal Rule of Civil Procedure 56(c)(4), and that Plaintiffs have not established that the employee statements are admissions by a

party opponent under Federal Rule of Evidence 802(d)(2). Second, Lowe's asserts that the Parks Affidavit is an improper "sham affidavit" because "her allegation that unidentified Lowe's employees told her after the incident that Mr. Gregg must have tripped over the cable at issue and/or that they were afraid a fall like Mr. Gregg's would occur with the cable is inconsistent with her prior testimony in this case." Dkt. 18 at 6. The Court notes that, at her deposition on August 3, 2021, Parks did not testify as to the purported statements by Lowe's employees included in her affidavit sworn five weeks later.

Even if the Court considers the Parks Affidavit, Lowe's argues, it is still entitled to summary judgment because the interrogatory responses and emails contain no evidence of proximate cause, and Plaintiffs have not submitted more than a scintilla of evidence to raise a fact issue as to whether Gregg tripped over a cable. The Court agrees and thus need not address whether the challenged portions of the Parks Affidavit constitute an improper "sham affidavit" or inadmissible hearsay.

Considering the factual record as a whole, viewing all inferences in the light most favorable to Plaintiffs as the nonmoving party, Plaintiffs offer no competent evidence how or why Gregg fell, only unsupported speculation. Parks testified at deposition that "we don't know if he [Gregg] tripped, if – you know, we don't know what happened." Dkt 15-1, Parks Tr. at 45:20-21. She further testified that "I'm just assuming he was going to try to go through the two rows of lawn mowers to go into the store," and that Gregg did not say that to her. *Id.* at 46:19-24. Parks testified that "it seemed like" Gregg later said "he must have tripped," but she did not know "if that's something, you know, he had heard those people talking about or, you know, us talking. I don't know." *Id.* at 49:5-16. Such speculation, including purported speculation by unidentified Lowe's employees that Greg "must have tripped," is insufficient to raise a genuine issue of material fact as to whether any failure by Lowe's to use reasonable care proximately caused Gregg's injury.

Because speculation has no evidentiary value, there is no evidence of the cause in fact for Gregg's injury. *See, e.g.*, *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937-38 (Tex. 1998); *see also Western Invs.*, 162 S.W.3d at 551 (stating that proximate cause cannot be established by mere conjecture, guess, or speculation); *Aranda v. Willie Ltd. P'ship*, No. 03-15-00670-CV, 2016 WL 3136884, at *2 (Tex. App.—Austin June 1, 2016, no pet.) ("Aranda's speculation well after the incident that she fell because of a condition on the premises does not rise above a scintilla of evidence, in the absence of other evidence supporting her causation theory."); *Hall v. Ralph & Kacoo's of Lufkin*, No. 12-14-00010-CV, 2014 WL 4104164, at *3 (Tex. App.—Tyler Aug. 20, 2014, no pet.) (affirming summary judgment on premises liability claim). "As noted by the Texas Supreme Court, '[t]he harsh reality is that if the plaintiff cannot prove facts to support [his] cause of action, there is simply no recovery. This is true not only in slip and fall cases, but in all cases.'" *Gonzales v. Wal-Mart Stores Tex. LLC*, No. 5:16-CV-00547-DAE, 2017 WL 3712187, at *3 (W.D. Tex. June 13, 2017) (quoting *Wal-Mart Stores*, 968 S.W.2d at 937). Accordingly, the undersigned recommends that Lowe's motion for summary judgment on Plaintiffs' premises liability claim should be granted.

## V.    Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Lowe's Home Centers, LLC's Rule 56 Motion for Summary Judgment (Dkt. 15) and enter judgment for Defendant.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## VI.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 6, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE